[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
On May 28, 2002, this court issued a Memorandum of Decision (#164) following a hearing on a Motion for Modification (#139) brought by the defendant husband ("husband") dated March 26, 2001. Subsequent thereto, on June 4, 2002, the plaintiff wife ("wife") filed a Motion to Reargue (#165). The court granted the motion and held a hearing on October 24, 2002, at which time the court heard testimony from both parties and argument by counsel. The wife file an updated financial affidavit at the time of hearing, while the husband was ordered by the court to do so by close of business the following day. The record to date discloses that the husband has failed to comply. The court, however, had before it sufficient evidence of the husband's new compensation from employment in order to make a decision. In particular, the husband's prior compensation was based upon a base salary of $60,000 per annum together with a bonus arrangement. At the time of the initial hearing on the modification, the evidence disclosed that he had received $18,000 in bonus. At the time of the second hearing, the evidence disclosed that, effective April 1, 2002, he received a base salary of $102,000 per annum, together with a bonus arrangement with a cap of $37,000 per annum. It was further disclosed that, while not received at the time of the hearing, the husband anticipated a bonus of $13,000 within a short time.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-82, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That the Motion to Reargue was made within four months of the judgment in compliance with General Statutes § 52-512.
2. That the testimony and evidence disclosed that the husband has had a CT Page 15515 significant change in the manner of his compensation from employment since the date of the initial hearing on the Motion for Modification; and that it is equitable and appropriate to take this into consideration in making a determination of a fair amount of alimony and child support.
3. That it is equitable and appropriate that the court revise the Memorandum of Decision, in part; and that any order be based upon the husband's current base earnings of $102,000 per annum, retroactive to April, 1, 2002, together with a percentage of any bonus received subsequent thereto.
4. That the entry of this revised order will result in an additional arrearage in the amount of $9,374.00, for a total arrearage of $16,520.00, which allows for a credit to the husband in the amount of $374.00 on the previously found arrearage.[1]
5. That, effective April 1, 2002, based upon a net income of the wife of $116.00 per week and that of the husband of $1,313.00 per week ($102,000 base salary per annum), the presumptive basic child support is $386.00 per week; and that the husband's share thereof is $354.00; and that the Court finds that it is appropriate and equitable to apply the deviation criteria set forth in Section 46b-215a-3(b) (5) of the Child Support and Arrearage Guidelines Regulations on the basis of the coordination of total family support.
 ORDER
IT IS HEREBY ORDERED THAT:
1. Paragraph 1 of the Order shall be revised to read as follows: Defendant's Motion for Modification (#139) is HEREBY GRANTED retroactive to May 9, 2001, and effective thereafter through and including March 31, 2002, the defendant shall pay to the plaintiff the sum of $2,000.00 per month as and for unallocated, periodic alimony and child support; thereafter, commencing April 1, 2002, he shall pay to the plaintiff the sum of $3,000.00 per month, together with 40% of the gross amount any bonus or commission, up to and including an aggregate of $50,000 per annum, received after that date, within thirty (30) days following receipt thereof, together with satisfactory evidence of the date and amount of the gross bonus or commission received by him.
2. Paragraph 3 of the Order shall be revised to read as follows: The arrearage in the amount of $16,520 shall be paid by the defendant in equal monthly installments of $500.00, commencing January 1, 2003, until paid in full. The court shall retain jurisdiction with regard to any issue CT Page 15516 which may arise regarding the calculation and payment of the arrearage.
3. In all other respects, the orders contained in the Memorandum of Decision dated May 28, 2002, as well as the underlying initial decree, shall remain in full force and effect.
THE COURT
 ___________________ SHAY, J.